UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

A<small>NTONIO</small> A<small>LIE</small> M<small>C</small>M<small>ANN</small>,

     Plaintiff,     Case No. 1:21-cv-3

v.             Hon. Hala Y. Jarbou

M<small>USKEGON</small> C<small>OUNTY</small> J<small>AIL</small>, et al.,

     Defendants.
_____/

## OPINION

  This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual allegations

  Plaintiff's present location is uncertain. When he filed his complaint he was housed at the Muskegon County Jail. A Muskegon County Jail inmate search, however, returns no result under Plaintiff's name. *See* https://muskegon.policetocitizen.com/Inmates/Catalog (search

McMann, visited Apr. 20, 2021). Nonetheless, his criminal prosecution in the Muskegon County Circuit Court is apparently ongoing. *See* https://micourt.courts.michigan.gov/CaseSearch/Court/C14 (Search Antonio McMann, select Case ID 20-000881-FH, visited Apr. 20, 2021). It may be that Plaintiff has been released pending trial and that he has not updated the Court regarding his address.

Plaintiff sues the Muskegon County Jail, Muskegon County Sheriff Michael J. Poulin, Muskegon County Jail Sergeant of Court Services C. Stevens, Muskegon County Sheriff Jail Command Officer Lieutenant Unknown Smith, and Muskegon County Inmate Accounts-Commissary. Plaintiff alleges that he has been denied access to a law library to permit him to prepare his defense against criminal charges. Plaintiff has chosen to forego appointed counsel and to represent himself. Plaintiff claims he has also been denied access to equipment necessary to view DVD evidence in his case. Plaintiff claims the Jail has failed to provide an affidavit of indigency to permit Plaintiff to pursue this action *in forma pauperis*. Plaintiff alleges that his legal mail has been rejected on several occasions. Plaintiff contends that these actions have denied him his constitutionally guaranteed access to the courts.

Plaintiff reports that he has filed grievances regarding these issues. He contends that Defendants have denied him access to the courts in retaliation for Plaintiff's filing of the grievances and in retaliation for requesting law library access.

Plaintiff purports to bring his action on behalf of himself and other similarly situated. Plaintiff seeks a declaratory judgment and injunctive relief compelling Defendants to establish an adequate policy to guarantee pretrial detainees access to the law library and legal material, including envelopes, postage, and affidavits of indigency. Plaintiff also requests punitive damages in the amount of $10,000,000.

## II.     Asserting the rights of other inmates

Plaintiff lacks standing to assert the constitutional rights of other prisoners. *Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (citing *McGowan v. State of Maryland*, 366 U.S. 420, 429 (1961)); *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6, 1992). As a layman, Plaintiff may only represent himself with respect to his individual claims and may not act on behalf of other prisoners. *See O'Malley v. Brierley*, 477 F.2d 785 (3d Cir. 1973); *Lutz v. LaVelle*, 809 F. Supp. 323, 325 (M.D. Pa. 1991); *Snead v. Kirkland*, 462 F. Supp. 914, 918 (E.D. Pa. 1978). Any claim Plaintiff purports to bring to assert the rights of other prisoners, therefore, is properly dismissed.

## III.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

3

'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## IV. Access to the courts

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id*. at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id*. at 824-25. The right of access to the courts also prohibits prison officials from erecting barriers that may impede the inmate's access to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also*

4

*Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000.  In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim.  *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355.  "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only."  *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc).  Moreover, the underlying action must have asserted a non-frivolous claim.  *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."  *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant."  *Id*. at 416.

Plaintiff claims he was entitled to law library time and materials to pursue his defense in the criminal prosecution and to pursue a civil rights claim, specifically the claim he raises herein.

5

Plaintiff is not entitled to law library time or resources to defend against his present criminal prosecution. The state satisfies its obligation to provide a criminal defendant access to the courts by providing appointed counsel in a criminal proceeding. Where a criminal defendant chooses to reject appointed counsel, it is likely to impair meaningful access to the courts; however, that is simply one of the rights he gives up when he knowingly and intelligently waives his right to counsel. *See United States v. Smith*, 907 F.2d 42, 44–45 (6th Cir. 1990) ("We find that by knowingly and intelligently waiving his right to counsel, the appellant also relinquished his access to a law library."); *see also United States v. Sammons*, 918 F.2d 592, 602 (6th Cir. 1990) ("'[T]he state does not have to provide access to a law library to defendants in criminal trials who wish to represent themselves[.]'"); *McBee v. Campbell Cty. Det. Ctr.*, No. 17-5481, 2018 WL 2046303, at *3 (6th Cir. Mar. 15, 2018) ("A pretrial detainee voluntarily proceeding in a criminal case pro se is not constitutionally entitled to access to a law library.").

The Supreme Court has acknowledged a circuit split on this issue, *Kane v. Garcia Espitia*, 546 U.S. 9, 10 (2005); however, the Sixth Circuit's position is clear and binds this Court. Therefore, Plaintiff has failed to state a claim for denial of access to the courts by virtue of the Defendants' failure to give him law library time or resources to work on his criminal defense.

Plaintiff is entitled to access the courts to raise claims under 42 U.S.C. § 1983, but he has not alleged any lost remedy. Indeed, he is pursuing a remedy for alleged constitutional violations in this lawsuit—he has successfully accessed the courts to raise his claims; therefore, he has not "lost" anything by Defendants failure to provide him access to a library. Moreover, his principal claim is meritless on its face because he is not entitled to law library time or state resources to pursue his criminal defense beyond the state's offer to appoint him counsel, an offer he has refused. Accordingly, Plaintiff has failed to state a claim for denial of access to the courts.

## V.     Retaliation

Plaintiff also argues that Defendants have retaliated against him for filing grievances by denying Plaintiff's requests for law library time and legal resources.  Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *Id.*  Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Even if Plaintiff's grievances were protected conduct, and even if Defendants' actions in "interfering" with Plaintiff's access to the courts were adverse action, he has not alleged facts to support the inference that the adverse action was motivated by the protected conduct.  It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence.  *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987).  "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108.  "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'"  *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotations omitted); *Lewis v.*

7

*Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are allegations of malice on the defendants' parts are not enough to establish retaliation claims" that will survive § 1915A screening) (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998)). Plaintiff merely alleges the ultimate fact of retaliation in this action. He has not presented any facts to support his conclusion that Defendants retaliated against him because he filed a grievance. Accordingly, his speculative allegations of a retaliatory motive fail to state a claim.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: April 28, 2021       /s/ Hala Y. Jarbou
                            HALA Y. JARBOU
                            UNITED STATES DISTRICT JUDGE

8